1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  COLIN SAMPSON (CABN 249784)
   Assistant United States Attorney
5     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
6      (415) 436-7200
       colin.sampson@usdoj.gov
7
   Attorneys for the United States of America
8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                              SAN FRANVISCO DIVISION

12

13 | UNITED STATES OF AMERICA,    ) CASE NO. 14-CR-00575 WHO
                                  )
14 |     Plaintiff,                )
                                  ) DETENTION ORDER
15 |     v.                        )
                                  )
16 | ROYCE MONTGOMERY,             )
                                  )
17 |     Defendant.                )
                                  )
18

19                                **INTRODUCTION**

20       On October 3, 2019, a warrant was issued on the basis of three charges contained in a Probation

21 Form 12 petition, alleging that the defendant violated the mandatory condition of his release that he not

22 commit another federal, state, or local crime, the standard condition that he not associated with persons

23 engaged in criminal activity or convicted felons without permission from his probation officer, and the

24 standard condition that he not use a controlled substance. Defendant was arraigned on those charges on

25 December 13, 2019. At the hearing, Probation advised that an amended Form 12 was coming with

26 additional charges. The Court remanded the defendant and set the matter for a further arraignment on

27 December 18, 2019, to give Probation time to submit the amended Form 12.

28

On December 17, 2019, an amended petition was filed alleging three additional charges related to an October 4, 2019 shooting in Stanislaus County, California resulting in great bodily injury, specifically that defendant violated the mandatory condition that he not commit a federal, state, or local crime by committing attempted murder, the mandatory condition that he not possess a firearm, ammunition, destructive device, or any other dangerous weapon, and that he not leave the judicial district without permission of the Court or probation officer. Charges Four through Six relate to defendant's alleged participation in an October 4, 2019, shooting in Stanislaus County, California that resulted in charges attempted murder, robbery, assault with a firearm, felon in possession of a firearm, and discharging a firearm causing great bodily injury, all felonies. Considering the charges involved, proffers and arguments presented, the factors set forth in the bail statute, and for the reasons stated on the record and summarized below, the court finds by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending further revocation proceedings in this matter.

## LEGAL STANDARD

Under the bail statute, 18 U.S.C. § 3142, a court must order the release of a defendant on a personal recognizance or unsecured bond unless release on a bond alone will not reasonably assure the defendant's appearance or the safety of the community or another person. See 18 U.S.C. § 3142(b). If a court determines that release on a bond alone presents a risk of nonappearance or a danger to any person or the community, then the court must choose the least restrictive conditions that will assure the defendant's appearance and the safety of the community or another person. *See id*. §3142(c) (listing thirteen possible conditions of release and empowering the court to impose "any other condition that is reasonably necessary" to assure the defendant's appearance and the community's safety). The court must order a defendant detained if – "after a hearing pursuant to the provisions of subsection 3142(f)" – the court finds that conditions cannot be fashioned to assure the defendant's appearance in court or the safety of the community or another person. *See id*. §3142(e)(1). The defendant charged with a supervised release violation bears the burden of persuasion by clear and convincing evidence that he will not flee or pose a danger to the community. *See* Fed. R. Crim. P. 32.1(a)(6).

At the detention hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *See id*. §3142(f). In evaluating whether conditions can be fashioned to assure the defendant's appearance and the safety of the community or another person, a court "shall consider" the factors in section 3142(g), including (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including employment, financial resources, family ties, community ties, substance abuse history, physical and mental condition, character, criminal history, past conduct, track record in appearing in court, and whether at the time of arrest the person was on supervision for parole, probation, or other release in a pending criminal case), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release.

**DETENTION ORDER**

The present order supplements the Court's findings and order at the detention hearing on December 18, 2019. As noted on the record, the Court finds that the defendant has not met by clear and convincing evidence that he is not a danger to the community. Defendant has proffered his employment and family ties as bases for release. However, the amended petition alleges serious offenses, including that the defendant attempted to commit murder and that he possessed and discharged a firearm in an October 4, 2019, incident resulting in charges of attempted murder, being a felon in possession of a firearm, and discharge of a firearm causing great bodily injury, all felonies.

This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility;

2. The defendant must be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant

to an authorized United States Marshal for the purpose of any appearance in connection with court proceedings.

    IT IS SO ORDERED.

DATED: December 20, 2019.

                                              HONORABLE THOMAS S. HIXSON
                                              United States Magistrate Judge